## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN LANDY** | : | Case No.: |
| 6911 Spritz Lane | : | |
| Dayton, Ohio 45424 | : | Judge: |
| | : | |
| **Plaintiff**, | : | Magistrate: |
| | : | |
| vs. | : | |
| | : | |
| **LIFE INSURANCE COMPANY** | : | |
| **OF NORTH AMERICA** | : | |
| Two Liberty Place | : | |
| 1601 Chestnut Street | : | |
| Philadelphia, PA 19192-2362 | : | |
| | : | |
| **Defendant**. | : | |

## COMPLAINT

For his Complaint against the Defendant, Life Insurance Company of North America, Plaintiff, Mr. John Landy states as follows:

### Parties

1. The Plaintiff, Mr. Landy, was at all relevant times an employee of Lowe's Companies, Inc. ("Lowe's") and a participant in an employee benefit plan (the "Plan") established and maintained by Life Insurance Company of North America under the provisions of the Employee Retirement Income Security Act for the purpose of paying short-term and/or long-term disability benefits.

2. The Defendant, Life Insurance Company of North America (hereinafter "LICNA"), is the insurer, underwriter, and/or administrator, under Policy No. VDT0980095 (the "Policy"), of the long-term disability benefits at issue in this case. LICNA is, therefore, the real party in interest

with respect to this claim.

3. Lowe's, was the self-insuring employer of Plaintiff Mr. Landy in Dayton, Montgomery County, Ohio.

### Jurisdiction and Venue

4. The Plaintiff's claims arise under ERISA.  Jurisdiction is based on 29 U.S.C. § 1132.

5. The Plan is administered, in part, in Montgomery County, Ohio. Venue is appropriate in the Western Division of the Southern District of Ohio.

### Facts Common to All Claims

6. The Plaintiff, Mr. Landy, was employed by Lowe's as a Field Service Manager.

7. As an employee of Lowe's, Mr. Landy was eligible to participate in the Plan.

8. Under the Policy, Mr. Landy was entitled to disability benefits if he met the definition of disabled under the Policy.

9. After expiration of the short term disability period, Mr. Landy was entitled to long term disability benefits so long as he met the definition under the Policy.

10. On or about March 24, 2014, Mr. Landy became disabled and applied to CIGNA for disability benefits.

11. CIGNA denied Mr. Landy's claim on May 15, 2014. Mr. Landy appealed this decision.

12. CIGNA again denied Mr. Landy's claim on April 16, 2015. Mr. Landy appealed this decision.

13. CIGNA ultimately denied Mr. Landy's disability benefits as of February 9, 2016, stating, "In summary, the current medical information on file does not reveal functional or psychiatric impairments that would limit [Mr. Landy] from performing his light occupation. His

physical examinations and mental status examinations have been essentially normal. . . . Therefore, we must affirm our previous decision to deny LTD benefits."

### Count I- For Long-Term Benefits

14. The foregoing allegations are incorporated by reference as if fully rewritten herein.

15. Mr. Landy brings this claim under 29 U.S.C. § 1132 and seeks payment of long-term disability benefits.

16. Mr. Landy is disabled under the Plan and is entitled to long-term disability benefits.

17. LICNA's decision denying Mr. Landy's claim was arbitrary and capricious because, *inter alia*, in light of Mr. Landy's physical diagnosis and limitations, Mr. Landy is unable to perform the main duties or tasks that are normally required; and LICNA ignored Mr. Landy's doctor's opinion.

WHEREFORE, the Plaintiff, Mr. Landy, demands judgment in his favor and against the Defendant Life Insurance Company of North America as follows:

A. A determination that Mr. Landy is disabled and entitled to long-term disability benefits;

B. A lump sum award of long-term disability benefits, calculated based upon the monthly payment to which Mr. Landy was entitled, from the date benefits first should have been paid until the date of judgment;

C. An order directing LICNA to pay a monthly benefit to Mr. Landy commencing on the date of judgment and continuing until Mr. Landy no longer satisfies the definition of disability under the Plan;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees and the costs of this action; and

F.  Such other and further relief as the Court determines to be equitable and just.

        Respectfully submitted,

_____
**ROBERT L. RAPER (0075847)**
Dyer, Garofalo, Mann & Schultz
131 N. Ludlow St.,
Suite 1400
Dayton, Ohio 45402
937-223-8888
937-424-2885 (fax)
rraper@dgmslaw.com
Attorney for Plaintiff, Mr. Landy